**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**BB BUGGIES INC.**                                                  **PLAINTIFF**

**v.**                        **Case No. 1:12-cv-57 KGB**

**BAD BOY, INC.**                                            **DEFENDANT**

## AGREED PROTECTIVE ORDER

To protect confidential information ("Confidential Information") of the parties sought or used in discovery in this action (the "Proceeding"), Plaintiff BB Buggies Inc. and Defendant Bad Boy, Inc. have agreed to the terms of and, subject to approval of the Court, to the entry of this Agreed Protective Order.

IT IS AGREED BY THE PARTIES AND ORDERED AS FOLLOWS:

1.   As used in this Order:

(a) "Parties" shall refer to all Plaintiffs, Defendants, Counter-Plaintiffs, Counter-Defendants, or other Third-Party Defendants in the lawsuit.

(b) The term "discovery material" shall include:

      (i)    The record of depositions and transcripts created in this lawsuit under Rules 27, 30, 31, and 32;

      (ii)    The testimony given by any party or non-party upon any deposition in this lawsuit;

      (iii)    Documents and things within the scope set forth in Rule 34 and produced by any party or non-party in this lawsuit; and

      (iv)    Answers to interrogatories under Rule 33 in this lawsuit, requests for production under Rule 34, or requests for admission under Rule 36.

(c)    "Confidential material" or "Confidential – Attorneys' Eyes Only material" shall refer to any discovery material, or any portion thereof, which contains information that either party considers confidential, proprietary, or competitively sensitive, including but not limited to medical information, financial information, accounting information, business planning or development information, customer information, personal employee information, commercial information, competitive information, internal marketing plans and data, research, or any information designated by a party as Confidential material or Confidential – Attorneys' Eyes Only material as provided herein.  The term Confidential – Attorneys' Eyes Only Information means Confidential Information that the party reasonably believes could cause competitive harm if disclosed to an owner, director, officer, employee, or competitive decision maker of the receiving party (i.e., the party receiving said Confidential Information) and that is designated to be Confidential – Attorneys' Eyes Only Information in accordance with this Protective Order.

2.     Any party or non-party producing or receiving any discovery material may designate all or any portion or portions thereof as Confidential material or Confidential – Attorneys' Eyes Only material.  Subject to the provisions of Paragraph 6 of this Order, any discovery material so designated shall constitute Confidential material or Confidential – Attorneys' Eyes Only material and is subject to the terms hereof.

3.     The designation of Confidential material or Confidential – Attorneys' Eyes Only material may be made: (i) in the case of discovery material other than that described in Paragraph 1(b) (ii) by placing or affixing thereon, in such a manner as will not interfere with the legibility thereof, the following other appropriate notice to such effect:

**"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'  EYES  ONLY"**

or (ii) in the case of discovery material described in Paragraph 1(b)(ii), by either (1) stating orally on the record of the deposition that certain information or exhibits are Confidential or Confidential – Attorneys' Eyes Only or (2) sending written notice designating such information, testimony, or exhibits as Confidential or Confidential – Attorneys' Eyes Only within twenty (20) days of receipt of the deposition transcript.  Prior to expiration of those twenty (20) days, or until it is otherwise designated, whichever comes first, all deposition testimony shall be deemed Confidential.  A designation of confidentiality made pursuant to the terms of this Order shall signify that such designated material has been reviewed by the counsel making the designations, and that counsel has made such designation based upon a good faith analysis of the confidentiality of any such designated material.

4.     Any discovery material covered by such notice and the information contained therein shall be so designated by the producing party by stamping or otherwise marking the material prior to production as follows:  "Confidential" and/or "Confidential – Attorneys' Eyes Only."  The failure to make such designation, however, shall not deprive the information covered thereby of its protected status so long as: (1) The designation is made by the producing party within thirty (30) days after its initial production to the receiving party; or (2) The Parties agree in writing that such designation is not necessary.

5.     Unless and until otherwise ordered by the Court, discovery materials designated as Confidential and the contents thereof may be disclosed only as follows:

(a)     Confidential material and the contents thereof may be disclosed to counsel for named parties and persons regularly employed in the office of such counsel.  Disclosure may also be made to court personnel, subject to the terms and provisions of this Order and Paragraph 8 herein.

(b)     Confidential material and the contents thereof may be disclosed to parties and officers, directors, or employees of a party assisting in the evaluation, prosecution, or defense of this Proceeding, and non-party experts who are actively engaged in the conduct of this litigation and have actual need to see the material or know the contents thereof in that engagement, provided that such persons are first given a copy of this Order and provided each executes a written statement, a copy of which is attached hereto as Exhibit 1 and made a part hereof, that such person has read this Order and acknowledged in writing that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential material except as essential to the prosecution or defense of the above-captioned lawsuit, and only to the Court and persons listed in 5(a) and 5(b) of this Order; (3) said person understands that deliberate and/or intentional unauthorized use or disclosure of the Confidential material or their contents constitutes contempt of Court; and (4) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any alleged violation thereof.

6.     Except with the prior written consent of the party or other person who originally designated a document to be stamped as "Confidential – Attorneys' Eyes Only," or by Order of this Court in accordance with Paragraphs 10 and 12 below, no document stamped Confidential – Attorneys' Eyes Only, or the contents thereof, may be disclosed to any person other than outside counsel (not in-house counsel) for the parties in this action, persons regularly employed in the office of such counsel, and non-party experts not employed by or otherwise affiliated with a competitor of the producing party who are actively engaged in the conduct of this litigation and have an actual need to see the material or know the contents thereof in that engagement, provided that (1) such persons are first given a copy of this Order, (2) each executes a written statement, a copy of which is attached hereto as Exhibit 1 and made a part hereof, that

such person has read this Order and acknowledged in writing that (a) said person has read and understands this Order; (b) pursuant to this Order, said person shall not use or divulge any Confidential material except as essential to the prosecution or defense of the above-captioned lawsuit, and only to the Court and persons listed in 5(a) and 5(b) of this Order; (c) said person understands that deliberate and/or intentional unauthorized use or disclosure of the Confidential material or their contents constitutes contempt of Court; and (d) said person consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any alleged violation thereof, and (3) the producing party is given prior notice in writing of no less than 48 hours and an opportunity to object to the disclosure of the producing party's Confidential—Attorneys' Eyes Only material to another party's expert.  This paragraph applies to any document that bears the notice CONFIDENTIAL – ATTORNEYS' EYES ONLY (or that shall otherwise have had a notice recorded upon it in a way that brings it to the attention of a reasonable examiner) to signify that it contains information intended only for disclosure to outside counsel for the parties in this action who are actively engaged in the conduct of this litigation.  A competitor is defined as a person or entity that designs, distributes, sells, or offers for sale any product that reasonably competes against the products of a party hereto.  If the producing party does not agree with the disclosure of Confidential – Attorneys' Eyes Only material to the other party's expert, the producing party shall notify the other party of the dispute and shall promptly file an appropriate motion with the Court to resolve the matter.  In no circumstances shall the material be distributed to the expert prior to resolution of the issue. Notwithstanding this Protective Order, nothing shall prevent a producing party or non-party from disclosing Confidential – Attorney's Eyes Only material to its own representatives, employees, or agents.

7.     Even if a non-party or third-party produces documents that are not designated as Confidential, such documents shall still be considered as Confidential under this Protective Order for at least seven (7) days from the time that each party to this action has received such documents.  If at the end of such period, one of the parties believes that the documents should be permanently designated as Confidential or Confidential – Attorneys' Eyes Only, that person should first notify the producing party that the documents should be so designated.  If the producing party still declines to so designate the documents, the parties shall confer in an effort to resolve the dispute by informal means.  If the parties cannot reach an agreement, the party seeking the designation as confidential may move the Court for an order designating the documents as Confidential or Confidential – Attorneys' Eyes Only.  The parties may, by stipulation, provide for exceptions to this Protective Order for certain documents produced by non-parties.

8.     All Confidential material and Confidential - Attorneys' Eyes Only material and its contents shall be used and/or disclosed solely for the purpose of the direct prosecution or defense of this lawsuit and for no other purpose whatsoever.  No party to this action, or any director, officer, employee, agent, attorney, or expert for any party, shall use or permit to be used any Confidential material or Confidential – Attorneys' Eyes Only material or the contents thereof for any business or commercial purpose whatsoever of such party or any other person, firm, or corporation.

9.     At all times, Confidential material produced in this proceeding and any copies or derivation thereof will remain in the offices or custody of the parties' outside counsel or expert, or the Court, except as provided in Paragraph 11.

10.     At all times, Confidential – Attorneys' Eyes Only material produced in this proceeding and any copies or derivation thereof shall be maintained *only* in the offices of outside

counsel for the parties or the offices of non-party experts described above, or the Court, except as provided in Paragraph 11. Further, the receiving party shall reasonably maintain all Confidential and/or Confidential – Attorneys' Eyes Only documents received from the producing party as if that information was that party's own Confidential and/or Confidential – Attorneys' Eyes Only documents.

11.    In the event that any Confidential material or Confidential – Attorneys' Eyes Only material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed with any court, such Confidential material or Confidential – Attorneys' Eyes Only material shall be filed and maintained under seal, in accordance with the procedures of this Court, until further order of this Court; provided, however, that such paper shall be furnished to the Court and counsel of record for the named parties to be received and reviewed under the provisions of the stated level of confidentiality.

12.    If, during trial, either party intends to introduce into evidence any specific information designated as Confidential or Confidential – Attorneys' Eyes Only, the offering party shall give specific notice of that intention to the Court and opposing counsel at least 24 hours prior to the trial date set in this matter, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. In no event shall a party be allowed to introduce Confidential or Confidential – Attorneys' Eyes Only evidence at the trial of this matter that has not been disclosed to the Court or opposing counsel prior to the 24 hour deadline.

13.    Within 30 days after the settlement or entry of final judgment or order in this lawsuit from which no appeal has been or can be taken, all Confidential material or Confidential – Attorneys' Eyes Only material and all copies thereof shall be destroyed or returned to the producing counsel, and no copies thereof shall be retained by any other person.   Each of the

Parties shall separately certify in writing under oath that each has returned to producing counsel all of the Confidential material and has destroyed any materials created from information in those categories of material.  Each of the Parties shall, at their own expense, have their experts destroy or return to the producing counsel all copies of Confidential materials, and others delivered by Order of this Court, and destroy all materials derived from the same, certifying separately, in writing under oath, the same.

14.     With respect to any discovery material that has been designated as Confidential or Confidential – Attorneys' Eyes Only material by a party, another party may seek and obtain from the Court, upon an appropriate showing and full opportunity of the designator to respond and be heard, a determination that such material should not be deemed Confidential or Confidential – Attorneys' Eyes Only material.  Until the Court rules on any such motion, the materials shall continue to be deemed and treated as Confidential or Confidential – Attorneys' Eyes Only, as designated by the producing party or entity.  Any party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of discovery material.

15.     In the event additional persons become parties to this litigation, they shall not have access to Confidential material or Confidential – Attorneys' Eyes Only material produced by or obtained from any party or non-party until the newly joined party and its counsel have agreed in writing to be bound by this Protective Order and have executed and filed with this Court a copy of Exhibit 1 attached hereto.

16.     Review of Confidential material or Confidential – Attorneys' Eyes Only material and information by any person authorized under this Protective Order shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential material or Confidential – Attorneys' Eyes Only material shall

not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege.

17.    If information is inadvertently produced in discovery that is subject to a purported claim of privilege or of purported protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the Court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the information until the claim is resolved.  Inadvertent disclosure of privileged or work product protected documents shall not be a waiver of a party's claim of privilege either as to the specific material disclosed or as to related information.

18.    Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential material or Confidential – Attorneys' Eyes Only material sought.

19.    If any person covered by this Protective Order is subpoenaed or served with a document demand in another action or proceeding and such subpoena or document demand seeks information which has been designated in the Proceeding as Confidential or Confidential – Attorneys' Eyes Only pursuant to the terms of this Protective Order, that person shall (i) give prompt written notice, by hand or electronic transmission, and in no event later than 48 hours after the receipt of such subpoena or document demand, to the person or persons, or their counsel, who produced or designated the information as Confidential or Confidential – Attorneys' Eyes Only; and (ii) object to the production of such information on the ground that

such information is subject to the terms of this Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or persons who designated the information as Confidential or Confidential – Attorneys' Eyes Only. Unless the person or persons who designated the information as Confidential or Confidential – Attorneys' Eyes Only obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the person who received the subpoena or document demand, the person who received the subpoena or document demand shall be permitted to produce information in response to the subpoena or document demand on the response date for the subpoena or document demand; *provided, however,* that the person who received the subpoena or document demand shall not produce information in response to the subpoena or document demand before its response date. Compliance by any person with an order from another court or tribunal directing production of information designated in this Proceeding as Confidential or Confidential – Attorneys' Eyes Only pursuant to the terms of this Protective Order shall not constitute a violation of this Protective Order.

20.     This Protective Order shall remain in full force and effect unless modified by order of the Court or by joint or agreed motion of the Parties. This Protective Order is binding on all Parties and their affiliates, and/or parent corporations, attorneys, agents, experts, consultants, employees, representatives, successors, and assigns.

21.     The Parties have authorized their respective counsel of record to execute this Protective Order on their behalf, and the Parties and their respective counsel agree to be bound by the terms of this Protective Order.

22.     By their signature below, counsel for the Parties represent that they have explained the terms of this Protective Order to their respective clients and that they, their employees and agents, and the Parties, agree to be bound by the terms of this Protective Order.

10

23.     The Clerk of this Court is directed to maintain under seal all documents, transcripts, and other items filed under seal with the Court in this Proceeding that have been designated, in whole or in part, as Confidential or Confidential – Attorneys' Eyes Only material by a party or non-party to the litigation.

IT IS SO ORDERED this 26 day of November, 2012.


_Kristine G. Porter_
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE